# In the United States Court of Federal Claims

**No. 02-1616V**

Filed:  January 7, 2014

Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL SMALL and                    *
TERI ARRANGA, parents of             *
I.M.S., a minor,                     *
                                     *
              Petitioners,           *      Autism; Interim Attorneys' Fees and
                                     *      Costs
       v.                            *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 15, 2002, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"], alleging that I.M.S. was injured by a vaccine or vaccines listed on the Vaccine Injury Table.

On May 25, 2012, petitioners filed a motion for attorneys' fees and costs incurred by petitioners' former[3] counsel, Jerrod S. Parker.  In the motion, petitioners indicated

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Petitioners filed a consented motion to substitute Edward Kraus as attorney of record on June 8, 2012.

that respondent opposes the request for attorneys' fees and costs due to their interim nature and respondent's belief that the case was untimely filed.  Motion, filed May 25, 2012, at 1.

For the reasons outlined below, I find that an award of interim attorneys' fees and costs is appropriate in this case.

## I.  The Applicable Law.

Although the Vaccine Act itself is silent on the issue of interim awards of fees and costs, it is now clear that interim fees and costs may be awarded in Vaccine Act cases. *Avera v. Sec'y, HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Cloer v. Sec'y, HHS,* 675 F.3d 1358, 1362 (Fed. Cir. 2012).  Prevailing on the merits is not a requirement for any Program award for fees and costs, but unsuccessful litigants must demonstrate that their claim was brought in good faith, a subjective standard, and upon a reasonable basis, an objective standard.  § 15(e)(1); *Perreira v. Sec'y, HHS*, No. 90-847V, 1992 WL 164436, at *1 (Cl. Ct. Spec. Mstr. June 12, 1992) (describing good faith as subjective and reasonable basis as objective), *aff'd*, 27 Fed. Cl. 29 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Thus, a Vaccine Act litigant seeking an award of fees and costs before entitlement to compensation is determined must, at a minimum establish good faith and a reasonable basis for the claim.  *See Avera*, 515 F.3d at 1352.

Likewise, the Supreme Court has held that a "petition found to be untimely may qualify for an award of attorney's fees if it is filed in good faith and there is a reasonable basis for its claim."  *Sebelius v. Cloer*, 133 S.Ct. 1886, 1896-97 (2013).  Thus, a petitioner whose claim was dismissed because it was determined to be untimely filed, like a petitioner whose claim is unsuccessful on the merits, may receive an award of attorneys' fees and costs.  *Id.* at 1895.  The Justices expressed their confidence in the special masters' ability to determine if good faith and reasonable basis existed, indicating "the special masters have shown themselves more than capable of discerning untimely claims supported by good faith and a reasonable basis from those that are specious."  *Id.* at 1896.

It is clear that interim fees and costs need not be awarded in all circumstances, although the factors that delineate when an interim award is appropriate remain somewhat muddled.  *See Shaw v. Sec'y, HHS*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit noted that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Avera*, 515 F.3d at 1352.  It has also held that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  *Shaw*, 609 F.3d at 1375.  Nonetheless, "[t]he special master may determine that she cannot assess the reasonableness of certain fee requests prior to considering the merits of the vaccine injury claim."  *Id.* at 1377.

## II.  Good Faith and Reasonable Basis Exist.

The Omnibus Autism Proceeding ["OAP"] was created to deal efficiently and fairly with an unprecedented number of cases that threatened to overwhelm the bench and bar alike. *See generally* Autism Gen. Order #1, 2002 WL 31696785 (Fed. Cl. Spec. Mstr. July 3, 2002).   By filing a short form petition, petitioners opted to participate in the OAP.  *Id.* at *6.

As a reasonable basis was found in each of the OAP test cases, it follows that petitioners in the instant case likewise had a reasonable basis at least until the resolution of the test cases.[4]  Thereafter, activity in this case has concerned determining whether petitioners wish to continue to pursue their claim, followed by the substitution of Edward Kraus as attorney of record, activity which I find to have been undertaken in good faith and upon a reasonable basis.

Although respondent argues that this case was filed two months after the expiration of the Vaccine Act's statute of limitations (Motion to Dismiss, filed June 24, 2008, at 1), petitioners maintain that the petition was timely filed (Response, filed Jan. 26, 2009, at 1).  After examining the parties' arguments on this issue, I determined that it would "be difficult at this time to ascertain whether the claim was timely filed" and deferred ruling on this issue.  Order, issued Jan. 29, 2013, at 2.  Recognizing that I may rule, at a later date, that the petition was untimely filed, I find that it was not unreasonable for petitioners to have filed their claim.  Thus, the petition was filed in good faith and with a reasonable basis.

## III.  An Interim Award is Appropriate at the Time.

Respondent argues an award of interim attorneys' fees and costs is inappropriate at this time and urges the court to deny petitioners' motion until the case is concluded or such time as an interim award is appropriate under *Avera v. Sec'y, HHS,* 515 F.3d 1343 (Fed. Cir. 2008).  Response, filed June 11, 2012, at 1.  Respondent, citing *Avera*, 515 F.3d at 1352, argues that interim attorneys' fees and costs are available in only the following limited circumstances:  "protracted proceedings, significant expert costs, or where petitioner had suffered undue hardship."  *Id.* at 1-2.  Respondent argues that such circumstances are not present in this case and the withdrawal of counsel does not fall into these limited circumstances.  *Id.*  I disagree in the instant case, but recognize that the withdrawal of counsel alone may not always provide sufficient justification for an award of interim attorneys' fees.  *See McKellar v. Sec'y, HHS,* 101 Fed. Cl. 297, 301 (2011) (finding that "some special showing is necessary to warrant interim fees,

---

[4] The OAP theory 1 test cases were *Cedillo v. Sec'y, HHS*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *Hazlehurst v. Sec'y, HHS*, No. 03-654V, 2009 WL 332306 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), and *Snyder v. Sec'y, HHS*, No. 01-162V, 2009 WL 332044 (Fed. Cl. Spec. Mstr. Feb. 12, 2009).  The OAP theory 2 test cases were *Dwyer v. Sec'y, HHS*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010), *King v. Sec'y, HHS*, No. 03-584V, 2010 WL 892296 (Fed. Cl. Spec. Mstr. Mar. 12, 2010), and *Mead v. Sec'y, HHS*, No. 03-215V, 2010 WL 892248 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

including but not limited to the delineated [*Avera*] factors . . . .").

This case is now over eleven years old.  Granted, a substantial portion of those eleven years can be attributed to delays at petitioners' request.  This case, like the thousands of other OAP cases, remained in a holding pattern until the petitioners' bar was ready to present their causation cases, those cases were tried, decisions issued, and appeals resolved.  With the last of the appeals resolved in August, 2010, the court began ordering the remaining 4800 OAP petitioners to file an amended petition if they wished to continue to pursue their entitlement claims.  In July, 2011, petitioners were ordered to do so.

Nothing in *Avera* requires the court to apportion "fault" in evaluating whether the proceedings have been protracted.  The OAP was created to deal efficiently and fairly with an unprecedented number of cases that threatened to overwhelm the bench and bar alike.  *See generally* Autism Gen. Order #1, 2002 WL 31696785.  While it is certainly possible that this case could have been litigated outside the OAP, as some autism cases were, petitioners' participation in the OAP permitted the court and respondent to devote resources to cases outside the OAP as well as to the consolidated discovery and hearing processes within the OAP.  I also note that the years during which this petition sat dormant in the OAP allowed respondent to reap benefits from the advancements in scientific understanding of autism spectrum disorders.

Mr. Parker diligently represented petitioners for a number of years while this claim was pending in the court's protracted OAP proceedings.  Although an attorney's desire to withdraw may not, standing alone, mandate the award of fees and costs on an interim basis (*McKellar,* 101 Fed. Cl. at 302), the termination of the attorney-client relationship is not the only factor present here.  I find that the proceedings in this case have been protracted.  Additional delay is likely and it is impossible at present to determine how much time will yet be required to resolve question of entitlement to compensation.  Petitioners and their current counsel filed their amended petition on September 26, 2013 and now are attempting to file an expert report.  Under these circumstances, petitioners have established a sufficient basis to warrant the award of fees and costs on an interim basis.  Petitioners' counsel has represented that this interim application for fees and costs represents the final application he will file for his fees and costs in this case.

## IV.  Conclusion

I hold petitioners are entitled to reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as I find that the petition was brought in good faith and upon a reasonable basis, and the amounts requested are reasonable and appropriate.  In lieu of filing a Vaccine General Order #9 statement, petitioners' former counsel represents that he will reimburse petitioners any costs that petitioners personally incurred that are compensable under § 15 (e)(1).

Although respondent has challenged whether fees and costs may be awarded on an interim basis in this case, the parties have agreed on the amount of fees and costs incurred by Mr. Parker.  **I adopt the parties' agreement, and pursuant to § 15(e), I award a lump sum of $9,845.00[5] to be paid in the form of a check payable jointly to the petitioners and petitioners' counsel, Parker and Waichman. The interim award check shall be mailed directly to Mr. Parker, who is located at 111 Great Neck Road, 1st Floor, Great Neck, NY 11021.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.  Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter by attorney Jerrod S. Parker.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS,* 924 F.2d 1029 (Fed. Cir. 1991).