# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 12, 2018

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| TERI ARRANGA, *as Limited Conservator* * | |
| *of* I.M.S., * | Chief Special Master Dorsey |
| * | |
| Petitioner, * | No. 02-1616V |
| * | |
| v. * | Attorneys' Fees and Costs; Autism; |
| * | Administrative Work; Travel |
| SECRETARY OF HEALTH * | Unrelated to the Hearing; |
| AND HUMAN SERVICES, * | Expert Costs. |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, Illinois, for petitioners.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]**

On November 15, 2002, Teri Arranga ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"), as the Natural

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

Guardian of her son, I.M.S., a minor.[3] Petitioner alleged that multiple childhood vaccinations that I.M.S. received caused him to develop autism or autism spectrum disorder ("ASD").

This case was part of the J.M. et al. (02-10V) omnibus case. On May 5, 2014, petitioner filed a status report in which they agreed to be bound by the ruling in J.M et al. The undersigned issued a decision dismissing both J.M. et al. and this case on August 31, 2017. J.M. et al. v. Sec'y of Health & Human Servs., 02-10V, 2017 WL 7409771 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

On January 11, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's Application ("Pet. App.") dated January 11, 2018 (ECF No. 130). Petitioner requested $25,704.40 in attorneys' fees and $2,522.18 in attorneys' costs for a total of $28, 226.58 to compensate their attorney, Mr. Edward Kraus. Pet. App. at 1. Petitioner did not request any costs in this case. Id.

Respondent filed his response on January 19, 2018, indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case. Thereafter, the undersigned ordered petitioner to file an itemized invoice describing the work performed by her expert. Petitioner filed the requested additional documentation on February 14, 2018. For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards $25,941.36 in attorneys' fees and costs.

**I.  Discussion**

Under the Vaccine Act, a special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(3). Respondent has not objected to petitioners' application for fees and costs on the basis of a lack of good faith or reasonable basis. The undersigned finds that petitioners brought their petition in good faith and with a reasonable basis, and therefore will award reasonable attorneys' fees and costs.

**a. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465

---

[3] Since the filing of the petition, I.M.S. has reached the age of majority and petitioner was granted a Limited Conservatorship of I.M.S. by the Superior Court of California, County of Orange, pursuant to California probate law regarding disabled adults.

U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson, 24 Cl. Ct. 482, 484, (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Hourly Rates

Petitioner requests compensation for Mr. Kraus in the amounts of $335.00 per hour for work performed in 2012; $348.00 per hour for work performed in 2013; $361.00 per hour for work performed in 2014; $375.00 per hour for work performed in 2015; and $398.00 per hour for work performed in 2017.  Pet. App. Tab A.  Petitioner also requests compensation for Amy Kraus in the amounts of $260.00 per hour for work performed in 2012; $275 per hour for work performed in 2013; $289.00 per hour for work performed in 2014; $318.00 per hour for work performed in 2017; and $318.00 per hour for work performed in 2018. Mr. Kraus based his most hourly rate increases on the Office of Special Masters' 2015-2017 Fee Schedules, which specify hourly rate ranges for attorneys based on the standards set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4]

Counsel also requests paralegal rates for paralegal work performed by Amy Kraus and Eileen Casey.  Counsel requests $110.00 per hour for paralegal work performed Ms. Kraus in 2014, and $100.00 per hour for paralegal work performed by Ms. Casey in 2014.

---

[4] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The undersigned finds that counsel's requested hourly rates are reasonable and in conformance with previously established rates for Mr. Kraus's firm. See Heine v. Sec'y of Health & Human Servs., 2017 WL 7385363, at *5 (Fed. Cl. 2017). Accordingly, the undersigned will not adjust the attorneys' fees rates requested for Mr. Kraus and Ms. Kraus; the undersigned also will not adjust the paralegal rates for work performed by Ms. Kraus and Ms. Casey.

### ii. Reduction of Billable Hours

While the undersigned agrees that petitioners are entitled to an award of attorneys' fees, a reduction in the number of hours billed by Mr. Kraus is appropriate for several reasons. First, counsel has billed for several hours of travel time which do not appear to be related to hearings held by the undersigned in March and May of 2016. For example. Mr. Kraus billed one hour of travel on 3/14/2012, one hour of travel on 5/24/2012, and one hour of travel on 5/24/2014. These entries do not indicate where Mr. Kraus was traveling to, nor do they indicate a specific reason why the travel was necessary in furtherance of the case. Without any additional documentation, the undersigned finds these costs to be unrelated to the hearings and therefore unreasonable and excessive.

Second, counsel's expense list consists of several line items which are most appropriately classified as administrative work, including filing documents and preparing exhibits and CDs. Although petitioner's counsel has attributed this work to Ms. Kraus or Ms. Casey and billed the time at paralegal rates, the description proffered by petitioner's counsel for this work places it squarely within the realm of administrative work. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (Denying an award of fees for time billed by a secretary and finding that "[these] services . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Other attorneys participating in the J.M. et al. omnibus were previously warned that administrative time would not be compensated, and the undersigned reduces petitioner's fee application for administrative time. J.M. et al., 2016 WL 720969, at *5 (reducing Mr. McHugh's time for administrative work).

Finally, several entries appear to contain, in the undersigned's view, excessive time drafting documents, correspondence with co-counsel, or entries containing a lack of specificity such that they constitute block billing. These issues are, however, relatively minor in view of the totality of costs billed by Mr. Kraus. Accordingly, the undersigned finds that a reduction of 5% is appropriate, and that petitioner's counsel is entitled to compensation for attorneys' fees in the amount of $24,419.18.

### b. Costs

Petitioner requests $2,522.18 in attorneys' costs. Pet. App. at 1. Like attorneys' fees, attorneys' costs must also be reasonable. Sabella, 86 Fed. Cl. at 206. After carefully considering petitioner's application and for the reasons discussed below, the undersigned awards a total of $1,522.18 in costs.

Petitioner requests a total of $2,522.18 to compensate Dr. Theresa Deisher for work she billed on the case between 2013 and 2014.  Dr. Deisher billed 11.05 hours of time at a rate of $500.00 per hour for a total of $5,525.00. Notice of Filing Additional Documentation, ECF No. 134 ("Deisher Invoice"). Petitioner, however, seeks only to recover $2,500.00 as compensation for Dr. Deisher's work, the amount of her retainer fee.[5]  Petitioner also seeks $22.18, the amount incurred by petitioner's counsel to send overnight mail to his client. For the reasons discussed below, the undersigned awards a total of **$1,522.18** in costs for work performed by Dr. Deisher.

The undersigned has previously found that $300.00 per hour is a reasonable hourly rate for Dr. Deisher's work, and she will compensate Dr. Deisher at this rate.  J.M. et al., 2018 WL 1514433, at *9.

While the undersigned has noted that Dr. Deisher has already been compensated for her expert work performed as part of the J.M. et al. case, the submitted invoice reflects work that was not previously billed as part of that case.  A unique expert report examining the medical records of I.M.S. was filed in this case and communications with Mr. Kraus are noted to be related to the instant case as opposed to the J.M. et al. omnibus. Accordingly, the undersigned holds that the 11.05 hours Dr. Deisher spent preparing the expert report for I.M.S. is compensable.  However, because the amount requested reflects five hours of billing at a rate of $500.00 per hour, that amount must be reduced in accordance with the reasonable hourly rate at which the undersigned has previously compensated Dr. Deisher.  Accordingly, petitioner is entitled to $1,500.00 for work performed by Dr. Deisher.

## II.     Conclusion

For the reasons set forth above, the undersigned finds that petitioners are entitled to an award of attorneys' fees and costs.  The amount of the award is computed as follows:

| | |
|---|---|
| **Total Fees and Costs Requested:** | **$28,226.58** |
| **Attorneys' Fees:** | |
| Total Requested: | $25,704.40 |
| 5 % Reduction: | ($1,285.22) |
| Total Awarded: | $24,419.18 |
| **Total Attorneys' Fees Awarded:** | **$24,419.18** |
| **Costs**: | |
| Total Requested | $2,522.18 |
| **Dr. Theresa Deisher:** | $2,500.00 |
| Reductions | ($1,000.00) |
| **Other Costs** | |

---

[5] The invoice indicates that the remaining balance of the invoice, $3,025.00, was waived.

| | |
|---|---|
| Overnight mail | $22.18 |
| **Total Costs Awarded:** | **$1,522.18** |

**Accordingly, the Court awards:**

**(1) $25,941.36 in attorneys' fees and costs, in the form of a check petitioners' attorney, Mr. Edward Kraus, Law Offices of Chicago-Kent College of Law.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.